IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

v.                                 :      CRIMINAL NO. 1:CR-01-191

CLAYTON LEE WAAGNER               :

## GUILTY PLEA AGREEMENT

Under Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's stand-by counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One (carjacking) and Count Three (felon in possession of firearms) of a three- count Indictment, which will be transferred pursuant to Fed.R.Crim.P. 20 from the Northern District of Mississippi to this district, charging him with carjacking, in violation of 18 U.S.C. § 2119; use of a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2) and (e) all arising from his role in carjacking a 1995 Ford Econoline Van, VIN 1FDEE14N3SHB56407, from Harold W. Baker, while brandishing a Baretta, Model 8040, .40 caliber handgun, bearing serial number 031660MC, on September 7, 2001.

2. The defendant agrees to plead guilty to Count 2 (felon in possession) and Count 3 (felon in possession) of a five-count Indictment, which will be transferred pursuant to

Fed.R.Crim.P. 20 from the Western District of Tennessee to this district, charging him with possession of an unregistered destructive device (pipe bomb), in violation of 26 USC §§ 5841, 5861 and 5871; two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (e); and two counts of fugitive from justice in possession of a firearm in violation of 18 U.S.C. 922(g)(2) and 924(e), all arising from his role in possession of a pipe bomb, a Sigarms 30.06 rifle, model 970, serial number R02568 and a Mossberg 12 gauge shotgun, serial number P745682, on September 7, 2001.

       3.    The defendant agrees to plead guilty to a one-count Indictment, filed in this district, charging him with bank robbery in violation of 18 U.S.C. § 2113(a), arising from his role in robbing the First Union Bank in Harrisburg, Pennsylvania of $4,702 on May 17, 2001.

       4.    The defendant agrees to plead guilty to Count One (armed bank robbery) of a two-count Indictment, which will be transferred pursuant to Fed.R.Crim.P. 20 from the Northern District of West Virginia to this district, charging him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and use of a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), arising from his role in robbing the BB&T Bank in Morgantown, WV of $18,178, while armed with a semi-automatic handgun, on November 9, 2001.

       5.    The defendant agrees to plead guilty to Count Two (fugitive in possession of a firearm) of a two-count Indictment, which will be transferred pursuant to Fed.R.Crim.P. 20 from the Eastern District of Tennessee to this district, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (e); and being a fugitive

from justice in possession of a firearm in violation of 18 U.S.C. 922(g)(2) and 924(e), all arising from his role in possession of a firearm on May 19, 2001.

  6.  The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

  7.  The defendant agrees to pay the special victims/witness assessment in the amount of $ 700 at such time as directed by the Court.

  8.  Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

  9.  At the time of sentencing, the government will:

    a.  Move to dismiss Count 2 of the Northern District of Mississippi indictment; Counts 1, 4 and 5 of the Western District of Tennessee indictment; Count 2 of the Northern District of West Virginia indictment and Count 1 of the Eastern District of Tennessee indictment as to this defendant. The defendant waives the statute of limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

10. The defendant understands, agrees, and has had discussed with his counsel that the following statutory maximum and mandatory minimum, sentences apply to these offenses: **(Northern District of Mississippi)** Count I (Carjacking), fifteen years imprisonment, a three year period supervised release, a $250,000 fine and a $100 special assessment, **Count III** (felon in possession of firearms), life imprisonment (a 15 year mandatory minimum term of imprisonment), a 5 year period of supervised release, a $250,000 fine and a $100 special assessment ; **(Western District of Tennessee)** Count II (Felon in Possession of a Firearm), life imprisonment (a 15 year mandatory minimum term of imprisonment), a 5 year period of supervised release, a $250,000 fine and a $100 special assessment, **Count III** (Felon in Possession of a Firearm), life imprisonment (a 15 year mandatory minimum term of imprisonment), a 5 year period of supervised release, a $250,000 fine and a $100 special

assessment; **(Middle District of Pennsylvania)** Count I (Bank Robbery), twenty years imprisonment, a three year period supervised release, a $250,000 fine and a $100 special assessment; **(Eastern District of Tennessee)**, Count II (Fugitive in Possession of a Firearm), life imprisonment (a 15 year mandatory minimum term of imprisonment), a 5 year period of supervised release, a $250,000 fine and a $100 special assessment; and **(Northern District of West Virginia)** Count I (Armed Bank Robbery), twenty-five years imprisonment, a five year period supervised release, a $250,000 fine and a $100 special assessment.

11.    The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by 5 years in the case of Class A felonies and 3 years in the case of Class B felonies. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

12. Rule 11(c)(1)(C) Binding Agreement. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence:

13. a.    The parties stipulate and agree that the total sentence on all counts of conviction shall be 400 months imprisonment;

  b.  The parties stipulate and agree that the Court may impose sentences on the charges of conviction which may run concurrently and/or consecutively to one another, **provided** the aggregate sentence on all counts of conviction does not exceed 400 months; and

  c.  The parties agree that all of these sentences will run concurrently with the federal sentences previously imposed upon the defendant. The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case. If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

14.  In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal the defendant's conviction, sentence, or any other matter relating to this prosecution.

  a.  Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

  b.  If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above.

15. It is agreed that no additional promises, agreements or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_March 24, 2006_      _Clayton Lee Waagner_
Date                           Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_3-24-2006_           _V. Weck_
Date
                             Counsel for Defendant

_4-3-06_              _T A Marino_
Date                         United States Attorney